**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 3:12CR00206(AVC) |
| | : | |
| MUJAHID MUHAMMAD, et al. | : | |

**RULING ON MOTION FOR NOTICE OF INTENTION TO USE**
**EVIDIDENCE AND MOTION IN LIMINE REGARDING PRIOR MISCONDUCT**

The indictment charges the defendants with, *inter alia*, conspiracy to distribute and to possess with the intent to distribute two hundred eighty grams or more of cocaine base/"crack" in violation of 21 U.S.C. sections 841(a)(1) and 841(b)(1)(A)(iii). Beginning on or about January 2, 2012 and continuing until approximately March 30, 2012, the indictment charges several named defendants, and others known and unknown to the Grand Jury, to have knowingly and intentionally conspired to violate the narcotic laws of the United States.

The defendants, Kenneth Crutchfield and Charles Johnson, have filed the within motions for notice of intention to use evidence pursuant to Fed. R. Crim. P. 12(d)(2) to order the United States to notify them of its intention to use any evidence concerning any other crimes, wrongs, or acts in accordance with Fed. R. Evid. P.404(b) and 608(b). Johnson has also filed a motion *in limine* pursuant to the Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution, as well as Fed.

R. Evid. 402 and 404(b). Johnson seeks to preclude the government from eliciting as evidence any testimony or other documentation of his prior misconduct.

### I. STANDARD

Rule 404(b) of the Federal Rules of Evidence provide that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b).

The second circuit "follow[s] an inclusionary rule, allowing the admission of such evidence for any purpose other than to show a defendant's criminal propensity, as long as the evidence is relevant and satisfies the probative-prejudice balancing test of Rule 403 of the Federal Rules of Evidence." United States v. Inserra, 34 F.3d 83, 89 (2d Cir. 1994)(citing United States v. DeVillio, 983 F.2d 1185, 1194 (2d Cir.1993)).

"While the admission of similar act evidence to prove intent or knowledge generally should await the conclusion of the defendant's case, such evidence is admissible during the Government's case-in-chief if it is apparent that the defendant will dispute that issue." United States v. Inserra, 34 F.3d 83, 90 (2d Cir. 1994)(internal citation omitted). "This enables the

trial judge to determine whether the issue sought to be proved by the evidence is really in dispute and, if so, to assess the probative worth of the evidence on this issue against its prejudicial effect." United States v. Figueroa, 618 F.2d 934, 939 (2d Cir. 1980).

## II.  DISCUSSION

In regards to the notice of intention to use evidence, Johnson and Crutchfield argue that "the government is required to disclose any and all evidence of other crimes, wrongs or acts of the Defendant which it intends to introduce at time of trial in its case in chief. . ." Specifically, Johnson and Crutchfield cite Fed. R. Crim. P. 12(d)(2) and United States v.Marguez, 686 F.Supp. 1354, 1358 (1988), stating "[a]t the arraignment or as soon thereafter as is practicable, the Defendant may, in order to afford an opportunity to move to suppress evidence...request notice of the government's intention to use (in its evidence in chief at trial) any evidence which the Defendant may be entitled to discover under Rule 16 subject to any relevant limitations prescribed in [Fed. R. Crim. P.] 16."

With respect to the motion *in limine*, Johnson argues the government should be precluded from eliciting as evidence any testimony or other documentation regarding his prior misconduct. Specifically, Johnson argues the motion should be granted based

on several grounds: 1) the probative value of such evidence is outweighed by its potential for unfair prejudice; 2) such evidence is irrelevant, i.e., it does not tend to make a consequential fact more or less probable; 3) the U.S. Attorney does not have a need for such evidence in order to prove the instant crime; 4) the issue for which the U.S. Attorney may offer evidence of such other crimes or misconduct is not disputed, and therefore such evidence must be excluded; and 5) the U.S. Attorney has insufficient proof that Johnson committed or was connected with such other crime or bad act which may be the basis of the proffered evidence, and therefore such evidence must be excluded.

　　The government responds that "[t]he Second Circuit follows the 'inclusionary' approach to admissibility of extrinsic acts under Rule 404(b) . . . This approach permits evidence of other acts to be used if it is relevant for some other purpose than to show a probability that the defendant committed the alleged crime because he or she is a person of bad character." Specifically, the government states that 'other acts' which are permitted include "background information to make the story of the crimes charged complete and to enable the jury to understand how the illegal relationship between the co-conspirators developed" as well as where the other acts evidence "is 'intertwined' with the evidence regarding the charged offenses."

The government states that, at the moment, it "has not made a determination that it will offer 404(b) evidence as to either of these defendants" but that it "advises the defendants that, depending on circumstances as they evolve as trial approaches, any criminal conviction in their criminal history [provided to them] may be used as 404(b) evidence."

The court concludes that it cannot compel the government to provide the defendants with its intention to use evidence of prior misconduct if it has not made a determination as to whether it will in fact use such evidence. The government has provided the defendants with their criminal history so that the defendants are at least aware, for now, of the scope of their prior misconduct if used at trial. In regards to the motion *in limine*, before any prior bad acts of evidence can be admitted or excluded, the district court must consider whether the evidence is relevant to a disputed issue and weigh its probative value against the danger of unfair prejudice. United States v. Colon, 880 F.2d 650, 660 (2d Cir. 1989). A determination now would be premature. If the government concludes at any time between the issuance of this order and the commencement of its case-in-chief that it will use prior misconduct evidence of one of the defendants, it shall provide notice to the defendant.

### III. CONCLUSION

For the foregoing reasons, the defendants' motions for notice of intention to use evidence (document nos. 132 and 307) and Johnson's motion *in limine* (document no. 308) are DENIED without prejudice.

It is so ordered this ____ day of November, 2013 at Hartford, Connecticut.

```
                              _____
                              Alfred V. Covello,
                              United States District Judge
```